UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN MICHAEL SMITH-EL, #166532,

        Petitioner,

v.                                                    Case Number: 07-CV-12979
                                                    Honorable Anna Diggs Taylor

JERI ANN SHERRY,

        Respondent.
        _____/

## OPINION AND ORDER DENYING PETITIONER'S
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Kevin Michael Smith-El, presently confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. In his *pro se* application, Petitioner challenges the validity of his sentence of two to four years imprisonment for his plea-based conviction of assault of a prison employee, MICH.COMP.LAWS § 750.197c. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

I. Background

On August 10, 2005, Petitioner pleaded guilty to the above-stated charge in the Lenawee County, Michigan, Circuit Court. The plea agreement called for dismissal of a habitual offender-fourth allegation and no agreement as to the guideline range or the sentence to be imposed.

A sentencing hearing was held on September 9, 2005, at which the trial court calculated Petitioner's Prior Record Variable Score at 85, Level F, and Offense Variable Score at 35, Level II, resulting in a corresponding minimum sentence under the Guidelines of fourteen to twenty-nine months. The trial court then imposed a sentence of two to four years, to run consecutive to

seven prior sentences Petitioner was already serving at the time of sentencing.

Subsequently, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> I. Is re[-]sentencing required where the Court increased [Petitioner's] sentence beyond the statutory maximum based on facts that were never proven to a jury beyond a reasonable doubt in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution?

The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Smith-El*, No. 271863 (Mich.Ct.App. Sept. 6, 2006). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on November 29, 2006. *People v. Smith-El*, 477 Mich. 951, 723 N.W.2d 877 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus, raising the same claim as raised in both state appellate courts.

## II. Standard Of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state-court decisions and states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedin2gs.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III. Discussion

Petitioner contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by Petitioner. In support of his claim, Petitioner relies on the case of *Blakely v. Washington*, 542 U.S. 296 (2004), in which the United States Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with Petitioner's reliance on *Blakely* is that *Blakely* involved a trial court's departure from the State of Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by the legislature. *See People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006); *cert. denied*, *Drohan v. Michigan*, ___ U.S. ___, 127 S.Ct. 592 (2006); *People v. Claypool*, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (2004). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan*, 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (2003). Here, the trial judge sets the minimum sentence but can never exceed the maximum sentence. *Claypool*, 470 Mich. at 730, n. 14. Michigan's indeterminate sentencing scheme is therefore unaffected by the United States Supreme Court's holding in *Blakely*. *Drohan*, 475 Mich. at 164.

Therefore, the decision in *Blakely* has no application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes, like the one used in Michigan, the trial court's calculation of Petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights so as to entitle him to habeas relief. *See Tironi v. Birkett*, 252 Fed. Appx. 724 (2007). Indeed, this Court has already rejected *Blakely* challenges to the scoring of the Michigan Sentencing Guidelines on this basis. *Bell v. Booker*, No. 07-11070, 2007 WL

869169 (E.D. Mich. Mar. 22, 2007) (Taylor, J.)  Against that backdrop, the Court finds that Petitioner is therefore not entitled to habeas relief on this claim.

IV.  Order

Based upon the foregoing, IT IS ORDERED that Petitioner's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.


DATED:  September 5, 2008               **s/Anna Diggs Taylor**
                                        ANNA DIGGS TAYLOR
                                        UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal and Judgment was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on September 5, 2008.

Kevin Smith, #166532
Newberry Correctional Facility
3001 Newberry Ave.
Newberry, MI 49868                      s/Johnetta M. Curry-Williams
                                        Case Manager